IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK FLORENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION: 24-0083-JB-MU |
| ) | |
| MOBILE POLICE DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT & RECOMMENDATION**

Plaintiff Derrick Florence filed this action under 42 U.S.C. § 1983, while incarcerated and without the assistance of an attorney. This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Because Florence was granted leave to proceed in this action without prepayment of fees, his complaint is subject to review under §1915, and is due to be dismissed "at any time if the court determines that . . . the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint (Doc. 11), the undersigned finds that the complaint is due to be **DISMISSED without prejudice**.

**I. Standard of Review**

Pursuant to § 1915, the court must review a *pro se* plaintiff's complaint to identify cognizable claims and to dismiss the complaint, or any portion of the complaint, "if the complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

1

§ 1915A(b)(1), (2); *see also* § 1915(e)(2)(B)(i-iii). Dismissal for these reasons is mandatory rather than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint ...."); § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the claims are frivolous or fail to state a claim.).

A claim is frivolous "when it appears the plaintiff has 'little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," when its "factual contentions are clearly baseless," or when the defendant is immune from suit. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint may be dismissed for failure to state a claim upon which relief may be granted when it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (internal quotation marks omitted). This means a complaint must have sufficient factual allegations that "raise a right to relief above a speculative level" and the allegations must "show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

In reviewing the complaint, the Court "accepts the complaint's factual allegations as true[.]" *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021). The Court also liberally construes a complaint drafted by a *pro se* plaintiff, holding it to a more lenient standard than one drafted by an attorney. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir.

1998).

## II. <u>Discussion</u>

Plaintiff Florence has brought this action against the Mobile Police Department and Officers Payne, Cash, Williams, and Kennedy. In his complaint, he alleges:

> Due to ungodly organization of Freemason and Jason Bilberg program and the use of authority to cover up the criminal activity and using strategies from the Book Behold Pale Horse, stage-entrapment, plotting, frame, obstruction of justice, fail to obstruct justice, physical injury, emotional distress, discomfort, as well as using the main strategy as if someone is mentally-unstable as a cover-up to carry out the ungodly criminal activity they use.

(Doc. 11 at 4) (alterations to capitalization). He further alleges that at 1108 Oak Steet, Mobile, AL 36604, each defendant is liable for "obstruction of justice, emotional distress, false statements." (*Id*. at 5-6). Plaintiff seeks monetary relief and "justice." (*Id*. at 7).

A review of Plaintiff's complaint reveals allegations that are unclear, nonsensical, and wholly lacking in any arguable law or fact. Plaintiff seems to assert that, at an unknown date and time, the defendants "entrapped" him or "staged" a crime possibly against him to coverup their own criminal activity. These allegations are vague, conclusory, and lack the details necessary for the Court to determine if a claim has been stated against the defendants. In other words, there are not enough facts about what the defendants did or how Plaintiff was harmed for the Court to determine if the defendants did something unconstitutional or not. Nor are the allegations sufficient for the defendants to be able to answer the complaint. As pleaded, Plaintiff's complaint is simply indiscernible.

Generally, plaintiffs proceeding without an attorney are given at least one opportunity to amend their pleadings and draft a complaint that might state a claim.

*Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely. . . when justice so requires"). Here, Plaintiff has twice been advised by the Court of the deficiencies of his complaint, instructed on how to cure them, and ordered to amend his complaint. (*See* Docs. 2, 10). Accordingly, the operative complaint before the Court is Plaintiff's second amended complaint, filed at the direction of the Court. (*See* Docs. 1, 3, 11). Despite two opportunities to amend, Plaintiff's complaint remains unclear and thus frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (An action is frivolous if it "lacks an arguable basis in either fact or law.").

        Courts have the authority to "dismiss [as frivolous] a claim based on indisputably meritless legal theory," as well as to dismiss claims "whose factual contentions are clearly baseless" *id*. at 327, and they are not obligated to permit an opportunity to amend when a claim is patently frivolous. *Nezbeda v. Liberty Mutual Ins. Corp*., 789 F. App'x 180, 183 (11th Cir. 2019) (per curiam) ("The district court may dismiss a plaintiff's claims *sua sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous."); *Gary v. U.S. Government*, 540 F. App'x 916, 918 (11th Cir. 2013) ("[W]e conclude that the district court did not abuse its discretion by not affording [the plaintiff] an opportunity to amend her complaint because any amendment would have been futile, as none of [the plaintiff's] allegations are credible or rational."). Given Plaintiff's nonsensical allegations and his previous opportunities to amend, the Court finds that granting leave to file a third amended complaint would be futile.

III. **Conclusion**

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff Derrick Florence's complaint be dismissed without prejudice prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **July, 2024.**

                                        **/s/ P. BRADLEY MURRAY**
                                        **UNITED STATES MAGISTRATE JUDGE**

Case 1:24-cv-00083-JB-MU Doc# 14 Filed 07/25/24 Page 7 of 7 PageID# 70